11-3524-ag
Murici v. Holder

BIA
A079 128 555

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of September, two thousand twelve.

PRESENT:
>       ROBERT D. SACK,
>       GERARD E. LYNCH,
>       SUSAN L. CARNEY,
>           *Circuit Judges.*

_____

LULJETA MURICI, AKA HAJRIJA KUKIC,
>       *Petitioner,*

>       v.                                    11-3524-ag
>                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:          Gregory Marotta, Vernon, New Jersey.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Thomas B. Fatouros, Senior
                         Litigation Counsel; Robert Michael
                         Stalzer, Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Luljeta Murici, a native of Kosovo and a citizen by birth of the former Yugoslavia, seeks review of an August 8, 2011 decision of the BIA denying her motion to reopen her removal proceedings. *In re Luljeta Murici*, No. A079 128 555 (B.I.A. Aug. 8, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien seeking to reopen proceedings is required to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Because the BIA issued a final order of removal in March 2004, there is no dispute that Murici's motion to reopen, filed in February 2011, was untimely. *See id.*

Murici contends, however, that she established changed circumstances in Kosovo on the basis of statements from her

2

father and brother describing a December 2010 home invasion by members of the Democratic Party of Kosovo. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii) (providing an exception to the 90-day deadline where a motion is based on a material change in circumstances in the country of removal). We conclude that the BIA's denial of Murici's motion to reopen as untimely was not an abuse of discretion.

Notwithstanding Murici's argument to the contrary, the BIA did not fail to consider her brother's and father's statements. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006) (presuming that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise"). Indeed, the BIA explicitly discussed the statements in its decision and reasonably found them to be unreliable because they were from interested witnesses, were photocopies proffered without mailing envelopes, and lacked corroboration. *See, e.g., Xiao Ji Chen*, 471 F.3d at 342 (holding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency); *Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 149 (2d Cir. 2007) (finding that the Board did not

3

abuse its discretion in declining to credit a document supported only by a spouse's affidavit where the Immigration Judge had previously questioned the applicant's credibility).

Because Murici's brother's and father's statements were the only evidence of country conditions proffered in support of reopening, the BIA did not abuse its discretion in finding that she failed to demonstrate a material change in circumstances in Kosovo. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

Because the BIA did not abuse its discretion in denying Murici's untimely motion, we decline to address her *prima facie* eligibility for asylum, as the BIA did not reach that issue. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4